UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL ANDREW KEATING, JR.,      )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    No. 4:08-CV-1885-DSD
                                  )
JIM SMITH, et al.,                )
                                  )
            Defendants.           )

**ORDER**

This matter is before the court upon the motions to dismiss for failure to comply with Missouri Revised Statutes § 538.225 and for failure to comply with discovery requests by defendant Gene Smith (Smith). Based on the file, record and the submissions of the parties, and for the following reasons, the court grants the motion as to § 538.225.

**BACKGROUND**

This prisoner civil rights action arises out of medical care given to pro se plaintiff Michael Andrew Keating, Jr. (Keating) after a fight with another inmate in the Lincoln County Jail in Troy, Missouri. Keating filed this action against several defendants in the United States District Court for the Eastern District of Missouri on December 5, 2008.[1] The facts of this case

---

[1] On April 10, 2009, after the judges of the Eastern District of Missouri recused, this case was reassigned to the undersigned
(continued...)

are set forth in previous orders, and the court only recites the history necessary to the disposition of this motion.

Keating claims that the treatment rendered by Smith constitutes medical malpractice.[2] On January 9, 2009, Keating sought leave to postpone submission of an affidavit certifying the merits of his claim. See Mo. Rev. Stat. § 538.225. On March 4, 2010, the court denied the motion, but granted Keating an additional 55 days in which to submit an affidavit. See Order 1-2, ECF No. 55. In that order, the court noted that Keating's description of his injury and the notes from a treating physician do not satisfy the requirements of § 538.225(1). See id.

On April 16, 29 and 30, 2010, Keating submitted similar affidavits, which state that he received "corrective surgery to [his] right hand" on April 13, 2010. See Keating Aff., ECF Nos. 69, 71, 72. Keating attached a radiology report and an "Operative/ Procedure Note" by the orthopedic surgeon who performed the procedure. See Keating Aff. Ex. 1, ECF No. 71-1. In his report, the surgeon states his diagnosis as "malunion of right little

---

[1](...continued)
judge of the District of Minnesota to hear the case by designation in the Eastern District of Missouri. ECF No. 9.

[2] It is unclear whether Keating extends his Eighth Amendment claims to Smith. See Second Am. Compl., ECF No. 75. However, even if the court construes his second amended complaint to include Smith in his Eighth Amendment claim, the court would dismiss that claim. See Smith v. Clarke, 458 F.3d 720, 724 (8th Cir. 2006) (malpractice not actionable under Eighth Amendment).

2

finger, 5th metacarpal fracture with extensor tendon adhesions."
Id. The surgeon further states:

> Mr Keating sustained a right hand fracture and [sic] altercation about 3 years ago. He reports that his treatment was begun about 7-10 days after the injury and it involved placement of a tongue depressor splint over the fractured bone. He went on to a significant malunion with marked dorsal apex angulation of his fracture of greater than 45 degrees ....

Id.

On July 1, 2010, Smith filed the instant motion to dismiss for failure to comply with § 538.225. On October 13, 2010, Smith filed an additional motion to dismiss for failure to comply with discovery requests. After granting several extensions, see ECF Nos. 84, 87, the court now considers the motions.

**DISCUSSION**

Section 538.225 requires a plaintiff in a personal-injury action against a health care provider to file within 90 days of commencing the action:

> an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Mo. Rev. Stat. § 538.225(1), (5). Further, the "legally qualified health care provider" must be licensed in the same profession as the defendant and practice "substantially the same specialty as the defendant." Id. § 538.225(2).

"If a party files a motion to dismiss for failure to file a health care affidavit [under § 538.225], and a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice." SSM Health Care St. Louis v. Schneider, 229 S.W.3d 279, 280 (Mo. Ct. App. 2007); see also Mo. Rev. Stat. § 538.225(6).

Here, Keating's affidavit regarding his post-surgery reports does not meet the requirements of § 538.225. Nothing in the reports suggest that Smith "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances" or that Smith's actions were a direct cause of Keating's injuries. Moreover, the report merely recites the facts as related by Keating, and the surgeon offers no opinion about the care rendered by Smith. Lastly, even if the report were sufficient, an orthopedic surgeon does not practice "substantially the same specialty" as Smith, a family practice physician. Therefore, Keating has not met the requirements of § 538.225, and the court must dismiss his claim against Smith.[3]

---

[3] As a result, the court need not address the motion to dismiss for failure to comply with discovery filed by Smith on
(continued...)

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss for failure to comply with Missouri Revised Statutes § 538.225 [ECF No. 77] is granted;

2. The motion to dismiss for failure to comply with discovery requests [ECF No. 91] is denied as moot; and

3. Keating's action against Smith is dismissed.

Dated: October 25, 2010

                                                    s/David S. Doty  
                                                    David S. Doty, Judge  
                                                    United States District Court

---

[3](...continued)
October 13, 2010, and therefore denies that motion as moot.